2013B 12D
ED/AR (12/2012)

# United States District Court
## for the
### Eastern District of Arkansas

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 14 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

### Request for Summons and
### Modification of the Conditions or Term of Supervision

| | |
|---|---|
| Name of Offender: Hudson Hallum | Case Number: 4:12CR00230-001 KGB |

Name of Sentencing Judicial Officer: Honorable Kristine G. Baker
United States District Judge

Original Offense: Conspiracy to Violate the Travel Act

Date of Sentence: June 20, 2013

Original Sentence: 3 years Probation, 9 months home confinement with location monitoring, restricted to residence, maintain telephone line, follow all location monitoring procedures, pay co-payment fees for location monitoring, abstain from use of alcohol throughout term of probation, financial disclosure, no new lines of credit without prior approval until all criminal penalties are satisfied, 100 hours community service work, DNA collection, $100 Special Penalty Assessment, and $20,000 fine

Type of Supervision: Probation

Date Supervision Commenced: June 20, 2013
Date Supervision Expires: June 19, 2016

Modification - July 3, 2013: Mr. Hallum shall perform 100 hours of community service, as directed by the probation officer, prior to the expiration of his term of probation

Modification - July 17, 2013: Mr. Hallum shall abstain from the use of alcohol throughout the course of treatment

| U.S. Probation Officer: Michelle R. Sims | Asst. U.S. Attorney: Patricia Harris | Defense Attorney: Glenn Lovett, Jr. |
|---|---|---|

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

**Mr. Hudson Hallum shall participate, in an in-patient drug treatment program followed by out-patient counseling. In addition he shall participate in mental health counseling under the guidance of the probation officer.**

## CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

| | | |
|---|---|---|
| Prob 12D | -2- | Request for Summons and Modification of the Conditions or Term of Supervision |

Name of Offender: Hudson Hallum　　　　　　　　　　　　　　　　　Case Number: 4:12CR00230-001 KGB

Since the start of supervision, Mr. Hallum has tested positive for amphetamine use on July 29, 2013, for opiate use on August 6, September 17, and December 10, 2013; and January 13, 2014. On January 22, February 4, and March 11, 2014, he tested positive for amphetamine and opiate use. In addition, on December 17, 2013, he submitted a urine sample which tested and confirmed positive for morphine. This office has not received a documented prescription for morphine during this time. Mr. Hallum was previously prescribed phentermine (amphetamine) as a diet pill/supplement; however, due to his history of prescription drug addiction, on December 17 and 20, 2013, and February 7, 2014, he was instructed to cease and desist from taking medication that contains amphetamines, and instructed to find an alternative diet supplement. However, the defendant continued to take the medication and tested positive for amphetamine on January 13 and 22, and February 4, 2014. Although he had a prescription for the medication, it appeared that he was using it to obtain a high. On March 18, 2014, he submitted a urine sample with tested and confirmed positive for hydrocodone and hydromorphone. In addition, on March 17, 2014, Mr. Hallum verbally admitted that he continued using phentamine due to his addiction to the drug for approximately eight years, and felt that since the conditions states he can take prescription medication, he could continue the use of them as long as he wanted to. He also admitted that he could have taken some other form of non-addictive medication instead of taking hydrocodone, which he has a history of addiction. It is noted that he is the owner and employee of the Crittenden County Emergency Medical Service (EMS). His job duties included driving the EMS vehicle and performing medical services on patients. Being under the influence of the aforementioned drugs make him a danger to the community. It appears that prescription detoxification and counseling appears appropriate in this case.

On March 17, 2014, the defendant requested mental health counseling due to job related stressors.

In regards to his home detention with location monitoring. Mr. Hallum received an unauthorized enter alert on September 27, 2013, According to BI Incorporation, the electronic monitoring company, the defendant was out of range for approximately 1 hour and 42 minutes. The defendant verbally acknowledged being out past his scheduled time without the permission of the probation officer. As a sanction for this violation, his good conduct time was suspended for one month. On November 9, 2013, Mr. Hallum received a location monitoring unauthorized leave alert. According to BI, the electronic monitoring company, the defendant was out of range for approximately 30 minutes. Upon receipt of the alert, U.S. Probation Officer Kyle Estes called the defendant's home telephone number; however, the defendant failed to answer this call. His cell phone was called, and the defendant answered. According to the defendant, he was remodeling his garage during that time. On November 16, 2013, Mr. Hallum received another location monitoring unauthorized leave alert. According to BI, the defendant was out of range for approximately 39 minutes. He was contacted by U.S. Probation Officer Emiliene Ngampa at home. According to the defendant, he was remodeling his garage during that time. On December 30, 2013, Mr. Hallum received a location monitoring unauthorized leave alert. According to BI, the defendant was out of range for approximately 32 minutes. According to the defendant, he was cleaning out his closet. According to location monitoring policy, based upon the aforementioned location monitoring violations, and his continued use of amphetamines, the defendant was no longer granted earned good conduct time out.

It is respectfully requested that the conditions of supervised release be modified as stated above. It is probation's officer that the defendant will benefit from a structured environment to address his addiction to prescription drugs.

Prob 12D                                      -3-                    Request for Summons and Modification
                                                                     of the Conditions or Term of Supervision

Name of Offender: Hudson Hallum                              Case Number: 4:12CR00230-001 KGB

I declare under penalty of perjury that the foregoing is true and correct.

_____                                    _____
U.S. Probation Officer                                       Patricia Harris
                                                             Assistant U.S. Attorney

Date: March 25, 2014                                         Date: 4/7/14

Approved:

_____
Supervising U.S. Probation Officer

---

THE COURT ORDERS:

☐ No Action
☒ The issuance of a summons
☐ Other

_____
Signature of Judicial Officer

4/14/2014
Date

c:  Assistant Federal Public Defender, Jenniffer Horan, 1401 West Capitol Avenue, Suite 490, Little Rock, AR 72201
    Defense Attorney, Glenn Lovett, Jr. PLC, 256 Southwest Drive, Jonesboro, Arkansas
    Assistant U.S. Attorney, Patricia Harris, P.O. Box 1229, Little Rock, AR 72203